IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                     CASE NO. 1:17-po-39-GRJ

MURIEL NEWMAN,

_____/

## O R D E R

This matter is before the Court on ECF No. 16, Defendant's Motion to Dismiss Amended Violation Notice.[1] Defendant ("Ms. Newman") requests that the Court dismiss the violation notice in this case, which charges her with disorderly conduct in violation of 38 C.F.R. § 1.218(a)(5) and (b)(11), for two reasons: (1) 38 C.F.R. § 1.218(a)(5) as applied in this case violates Ms. Newman's First Amendment right to freedom of association, and (2) 38 C.F.R. § 1.218(a)(5) is void-for-vagueness as applied in this case. The Government has filed a response, ECF No. 17, and the motion is therefore ripe for review. For the reasons discussed below, Ms. Newman's motion to

---

[1] Defendant filed her first motion to dismiss on July 14, 2017. (ECF No. 11.) Following the filing of that motion, the Court granted the Government's motion to amend the violation notice. (ECF No. 15.) Defendant then filed the instant motion to dismiss addressing the amended violation notice. (ECF No. 16.) Accordingly, the **CLERK** is directed to terminate ECF No. 11 because the original motion to dismiss is now moot.

dismiss is denied.

## BACKGROUND

On March 2, 2017, at the Malcolm Randall VA Medical Center in Gainesville, Ms. Newman received a violation notice, which, as amended with the Court's leave, charges Ms. Newman with violating 38 C.F.R. § 1.218(a)(5) and (b)(11)—"Disorderly Conduct as Set Forth in the Attached Statement of Probable Cause." (ECF Nos. 1, 15.) The Statement of Probable Cause reads as follows:

> I learned that at the beginning of an Administrative Investigative Board ("AIB") hearing on March 2, 2017, at the Gainesville Veterans Administration Medical Center ("VAMC"), [Ms. Newman] entered the hearing room to represent an employee who was testifying before the Board. The hearing Officer told [Ms.] Newman that she could not represent the employee because the employee was not a bargaining unit employee. [Ms.] Newman then began shouting loudly using profanity. [Ms.] Newman eventually left the AIB hearing room and made her way back to the T3 unit at the VAMC, where the Union and other VAMC offices are located. While in the T3 unit, [Ms.] Newman continued to shout using profanity. [Ms.] Newman's conduct involved the use of loud and improper language and created a loud, boisterous, and unusual noise that impeded and disrupted the performance of official duties by Government employees and that impeded the normal operation of the VAMC facility, all in violation of 38 C.F.R. §§ 1.218(a)(5) & (b)(11).

(ECF No. 13-1.)

Ms. Newman is charged with violating the portion of the regulations regarding security and law enforcement at VA facilities entitled "Disturbances." In relevant part, a disturbance consists of

> [c]onduct on property which creates loud or unusual noise; . . . which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language.

38 C.F.R. § 1.218(a)(5). The penalty provision states that "[d]isorderly conduct which creates loud, boisterous, and unusual noise, or . . . which tends to impede or prevent the normal operation of a service or operation of the facility, $250." 38 C.F.R. § 1.218(b)(11).[2]

## DISCUSSION

Ms. Newman's first challenge to the citation is that 38 C.F.R. § 1.218(a)(5) as applied in this case violates her right to freedom of association under the First Amendment. More specifically, Ms.

---

[2] Ms. Newman specifically challenges 38 C.F.R. § 1.218(a)(5) as applied in this case. She was charged, however, with violating 38 C.F.R. § 1.218(a)(5) and (b)(11). "[T]he structure of § 1.218 is this: paragraph (a) says 'here are things you can't do, broken up into categories,' and paragraph (b) says 'here are the penalties for breaking the rules in (a), with some of the individual rules in (a) leading to one of a number of types of penalties depending on the specific conduct.'" *United States v. Renfro*, No. 1:15cr8-MW, ECF No. 17 at 8 (N.D. Fla. June 29, 2016). As a result of this structure, "[t]he language in each penalty provision should be read *together with* the language in the substantive provision to which it refers." *Id.* at 9.

Newman—President of Local 2779 American Federation of Government Employees—argues that this regulation abridges her right to freely associate with her labor union because it is not narrowly tailored to serve a compelling government interest. As a result, Ms. Newman contends that the regulation was used in this case to charge her with "disorderly conduct for merely attempting to advance the union's right to associate with its members." (ECF No. 16 at 5–9.)

"[I]mplicit in the right to engage in activities protected by the First Amendment [is] a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984). "But the freedom of expressive association, like many freedoms, is not absolute. . . . [T]he freedom c[an] be overridden 'by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms.'" *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000) (quoting *Roberts*, 468 U.S. at 623); *see also Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 438 (1963).

Additionally, an as-applied challenge to a regulation—such as the

one asserted in this case—requires a case-by-case analysis. Such a challenge is essentially "asserting that *even if* the statute was not unconstitutional in *all* its applications it was *at least* unconstitutional in its particular application to [the challengers]." *City of Chicago v. Morales*, 527 U.S. 41, 78 n.1 (1999).

Ms. Newman's argument fails because 38 C.F.R. § 1.218(a)(5) as applied in this case in no way even implicates—and therefore does not infringe—Ms. Newman's right to freely associate with her labor union. Ms. Newman was unable to represent the employee at the AIB hearing because the employee was not a bargaining unit employee entitled to Ms. Newman's representation. In other words, the employee was not part of the union. Ms. Newman, therefore, had no First Amendment right to associate with that employee during the hearing. It was the status of the employee that precluded Ms. Newman's presence in the hearing; the regulation is not to blame. There simply were no labor union members present to associate with.

Further, Ms. Newman was charged with disorderly conduct for "shouting loudly using profanity" in reaction to being told she could not be present at the hearing, both in the hearing and once she returned to the T3

unit. While it may be true that Ms. Newman was shouting loudly using profanity about the union's right to associate with its members, it was the volume at which she communicated, the improper language with which she used, and the alleged result of her shouting—disrupting official duties and impeding normal operations—that led to the violation notice. As applied in this case, the regulation was used to quell a disturbance caused by Ms. Newman, and it was of no consequence that she was a union representative.

Ms. Newman was free to associate with her union; she was not free to use her position as a union representative as a shield to shout loudly using profanity in a disorderly manner that disrupted the performance of official duties and impeded the normal operations of the VA hospital. Section 1.218(a)(5) is concerned solely with the latter. Accordingly, Ms. Newman's argument that 38 C.F.R. § 1.218(a)(5) as applied in this case unconstitutionally infringed on her right to freely associate with her labor union is without merit.

Ms. Newman's second argument is that 38 C.F.R. § 1.218(a)(5) is void-for-vagueness as applied in this case. Specifically, Ms. Newman argues that the regulation does not provide fair notice that it prohibits her

alleged conduct, which took place in an administrative hearing and in the union offices. Further, she contends that the regulation's vagueness encourages its arbitrary enforcement. (ECF No. 16 at 9–13.)

According to the Supreme Court, vagueness can invalidate a criminal law when it either fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits or will authorize and even encourage arbitrary and discriminatory enforcement. *City of Chicago*, 527 U.S. at 56; *see also United States v. Fisher*, 289 F.3d 1329, 1333 (11th Cir. 2002) (stating that the void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness"). The question to ask is whether the regulation "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Further, where First Amendment rights are concerned, a stricter standard is applied to a vagueness challenge. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982) ("If, for example, the law interferes with the right of free speech or of association, a more stringent vagueness test should apply.").

With regard to 38 C.F.R. 1.218(a)(5)—which specifically prohibits,

*inter alia*, creating "loud or unusual noise," "imped[ing] or distrupt[ing] the performance of official duties by Government employees," and "us[ing] . . . loud, abusive, or otherwise improper language"—the purpose is "to prevent loud and boisterous noise *that creates a disturbance*." *United States v. Renfro,* No. 1:15-cr-8-MW, ECF No. 17 at 11 (N.D. Fla. June 29, 2016), *aff'd* No. 16-14838, 2017 WL 2874524 (11th Cir. July 6, 2017). "Even if the regulation failed to identify the precise quantum of noise or disturbance that is required, we can discern the required level of noise or disruption by looking to the context where the regulation applies—that is, VA property." *Renfro*, 2017 WL 2874524, at *6. Therefore, only "conduct sufficiently 'loud, boisterous, and unusual' that it would tend to disturb the normal operations of a VA facility" is prohibited. *Renfro*, No. 1:15-cr-8, ECF No. 17 at 12 (quoting *United States v. Agront*, 773 F.3d 192, 197 (9th Cir. 2014). "And 'tend to disturb' must be read narrowly to mean that the conduct 'poses an actual or imminent interference with the facility's operation.'" *Id.* (quoting *Agront*, 773 F.3d at 197 n.5) (internal quotation marks omitted).

Ordinary people can understand what this regulation prohibits. Because Ms. Newman is making an as-applied challenge to 38 C.F.R.

1.218(a)(5), "the question could be put this way: would the regulations suggestion to a person of ordinary intelligence that they could not repeatedly yell loudly in a VA hospital?" *Renfro*, No. 1:15-cr-8-MW, ECF No. 17 at 4–5. The answer is simple. Any person of ordinary intelligence—and particularly an individual who works at the VA hospital—would know that shouting loudly and using profanity in an administrative hearing after being told one's presence was not permitted and in a portion of the VA hospital where union offices are located could impede and disrupt the performance of official duties by employees and disturb the normal operations of the facility. Thus, this regulation provided Ms. Newman sufficient definiteness and notice that her conduct was prohibited.

The fact that Ms. Newman's conduct did not disrupt medical services provided by the VA is not determinative. The purpose of the regulation, as discussed above, is to prevent disturbances that interfere with the normal operation of the VA facility. And while it is true that the normal operation of a VA facility does entail the medical treatment of veterans, the VA hospital

serves many other functions as well.³

Further, the regulation specifically prohibits "conduct . . . which otherwise impedes the performance of official duties by Government employees." 38 C.F.R. § 1.218(a)(5). In no way does the regulation limit the conduct to a disruption of medical treatment or to impeding the performance of only those government employees performing medical treatment—administrative employees are government employees performing official duties too. Therefore, although the Eleventh Circuit has held that "[a] person of common intelligence would understand that the regulation prohibited noises likely to disturb the provision of care or services to veterans," *Renfro*, 2017 WL 287524, at *6, a person of common intelligence would also understand that the regulation prohibits noises likely to disturb the provision of other services provided at the VA hospital unrelated to medical treatment.

Second, the regulation provides sufficient standards to prevent arbitrary and discriminatory enforcement. Not every loud noise is

---

³ Notably, the regulation prohibits conduct "which prevents one from obtaining medical *or other services* provided on the property in a timely manner." 38 C.F.R. § 1.218(a)(5). Thus, the provision of services other than medical services is contemplated in the regulation.

punishable. This regulation does not leave anyone "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966). There must be an actual disturbance to the performance of official duties or the normal operation of facility; this is not a subjective question. While it is true that making this determination as to whether there was a disturbance will require the VA police to exercise judgment, "[a]s always, enforcement requires the exercise of some degree of police judgment." *Grayned*, 408 U.S. at 11. Nothing in this regulation invites arbitrary or discriminatory enforcement, and thus the Court finds that the "degree of judgment here is permissible." *Id.*

Moreover, Ms. Newman's as-applied challenge is without merit because her alleged conduct clearly consisted of multiple prohibited behaviors as enumerated in the regulation: creating a loud or unusual noise, disrupting the performance of official duties, and using loud, abuse, or improper language. She was shouting loudly using profanity in multiple areas of the VA hospital during an administrative hearing and around other offices where individuals work. Such conduct clearly fits inside the prohibited behaviors listed in this regulation. Accordingly, the regulation as

applied to Ms. Newman is not unconstitutionally vague. *See Renfro*, 2017 WL 2874524, at *5 (11th Cir. July 6, 2017) (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21 (2010)) (denying an as-applied challenge to the same regulation where it was clear that the individual's conduct "caused a loud, boisterous, and unnatural noise that disrupted the operations of the VA").

Accordingly, upon due consideration, it is **ORDERED:**

Defendant's Motion to Dismiss Amended Violation Notice, ECF No. 16, is **DENIED**.

**DONE AND ORDERED** this 2nd day of October 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge